Westervelt v. Ackerson.

---

JAMES B. WESTERVELT

v.

GARRET G. ACKERSON, administrator &c., et al.

1. The grounds of motion under the two hundred and tenth rule, to strike out an answer in the nature of a cross-bill, need not be stated with greater particularity than would be required in a demurrer, and the grounds of a motion under the rule to strike out parts of an answer need not be stated with more particularity than would be required in exceptions to an answer.

2. On a bill filed by the next of kin against an administrator for a decree of distribution of his intestate's estate, the administrator set up by an answer in the form of a cross-bill, and by way of answer also, that part of the funds constituting the estate had been left by him on deposit in a bank where the intestate had placed it, and the balance deposited by the administrator in a savings bank after the settlement of his final account, both of said banks being then in good standing, and that said banks had, through the embezzlement of a person who was the cashier of one and the treasurer of the other, become insolvent about a month after his final account had been settled, and thereby both deposits had been lost without his negligence; and, further, that a part of the estate was claimed by one of the defendants as his individual property, on an allegation that the intestate held it on a trust for him; further, that another part of the funds of which distribution was claimed, was subject to another trust.—*Held* (without passing on the validity of the defence as to the losses), that the defences were properly pleaded, and a motion to strike them out was denied.

Bill for relief.   On motion to strike out parts of the answer of the administrator.

*Mr. B. A. Vail* and *Mr. J. Flemming*, for the motion.

*Mr. J. D. Bedle, contra.*

THE CHANCELLOR.

This suit is brought by James B. Westervelt, as one of the next of kin of his deceased brother Lawrence, against the administrator of the estate of the latter.   The other next of kin are another brother (Richard B. Westervelt) and the sister (Ann Van Winkle) of the deceased, both of whom are made defendants.   The object of this suit is to obtain a decree of distribution of the estate of the deceased among the next of kin.   The administrator settled his account in the Bergen orphans court on the 13th of October, 1880.   No decree of distribution was taken, and the bill prays that the balance of the estate in the hands of the administrator, according to the final account, may be distributed equally among the next of kin.   The administrator, by his answer, sets up as a defence, that about a month after the settlement of the account, the Bank of Bergen County, in which he had deposited some of the funds of the estate to his credit as administrator, and the Bergen County Savings Bank, in which latter institution he had left a sum of money, placed there by the intestate, both of which banks had up to that time been in good financial standing and credit, became insolvent, so that on each of the deposits a loss is likely to be sustained.   He insists that, under the circumstances, the loss should be borne by the distributees, and not by him.   The answer also states the fact that Richard B. Westervelt, one of the next of kin, claims that certain notes in the administrator's hands, and which constitute part of the balance shown by the final account, are, in equity, his property.   He claims that they represent the proceeds of the sale of land of his, which his father, Benjamin R. Westervelt, one of whose executors the intestate was, held in trust for him and sold, receiving the proceeds, which he held at his death.

The answer also states that by the will of Benjamin R. Wester-velt, the executors were directed to invest the residue of the testator's estate, and pay the interest of it to certain persons, some of whom are still living; and it also states, that the residue was, at the death of the intestate, in his hands, and now constitutes part of the balance in the hands of the administrator. All these matters are set up in the answer by way of cross-bill, under the two hundred and ninth rule of this court, as well as by way of answer. The complainant now moves, under the two hundred and tenth rule, to strike them out as pleaded by way of cross-bill for want of equity, and as pleaded by way of answer for impertinence. And here it may be remarked, as a matter of practice under the last-mentioned rule, that the reasons to be stated in the notice of motion to strike out, need not be more particular where the objection is to a bill or to an answer by way of cross-bill, than would be required on demurrer; or where it is to an answer than would be required on exceptions. One object in making the rule just referred to, was to avoid the difficulty which pleaders sometimes found in determining whether matter of defence could be sufficiently set up by answer, or whether a cross-bill was necessary. Therefore, inasmuch as no answer is required to the matter set up under the rule by way of cross-bill, such matter will be permitted to stand, unless it appears clearly that it ought not to be allowed to encumber the record.

To consider the objections to the answer: It has never been decided in this state that, where a trust fund is lost under the circumstances stated in the answer, the trustee is liable. The administrator alleges, in the answer, that he exercised reasonable care, skill and caution in the matter, and treated the funds in those respects as he would have dealt with his own money, and that the banks were of good repute for financial credit and standing, and failed because of embezzlement of their funds by the person who was cashier of the one and treasurer in the other; the fact of which embezzlement was not discovered until just before the failure of the institutions. The funds in the savings bank were money which was deposited there by the intestate and interest thereon, and those in the other bank were deposited

in the name of the administrator as such.  The administrator seeks relief in regard to this loss, and it is no ground of objection in this case that he seeks it, both by way of answer and cross-bill.

As to the other grounds of objection : The complainant seeks to divide the balance which is in the hands of the administrator, equally among the next of kin of the intestate.  But Richard B. Westervelt claims part of it (which is in certain promissory notes) as his individual property, held in trust for him by the intestate, and therefore not distributable among the next of kin, and has given the administrator notice of his claim. It is obviously proper for the administrator to set up this claim in answer to the complainant's prayer for a distribution of the whole balance among the next of kin.  It appears that Richard B. Westervelt sets it up in his answer in this suit.

As to the money which constitutes the residue, or some part of it, of the estate of Benjamin R. Westervelt, the administrator has received it subject to a trust.  And though the trusts under the will of Benjamin R. Westervelt devolve on the complainant as surviving executor, the administrator is bound to see that the trust property in his hands is protected and preserved.  *Perry on Trusts* § *344.*  It is incumbent on him, therefore, to bring to the knowledge of the court the fact that part of the fund which the complainant seeks to distribute as the individual property of the intestate, is a trust fund, to the end that whatever ought to be done in regard to it, may be done.  As to the notes, the cross-bill is of the nature of a bill of interpleader, and as to the residue of the estate of Benjamin R. Westervelt, the administrator not only resists the distribution of it under the statute of distributions, but asks the direction of this court with reference to a trust fund which has come to his hands.  The motion will be denied, with costs.